■ Burke's claim for breach of contract fails because the conduct of which plaintiff complains (i.e., the counting of double and special issues as two issues) is specifically authorized by the contract. Moreover, there is no contractual requirement that a double or special issue include twice the number of pages or content as a regular issue. Accordingly, plaintiff has not alleged a breach—an essential element of a breach of contract claim. Furthermore, because the conduct is authorized by the contract, leave to amend the complaint would be futile.

■ Burke's fraud claim similarly fails because the subscription offer identified in Burke's complaint plainly discloses that double and special issues would be counted as two issues. Accordingly, there was no fraud as a matter of law. Similarly, plaintiff has failed to allege any "unfair, deceptive, untrue or misleading advertising," to prove claims under California's unfair competition law or California's false advertising law. Cal. Bus. & Prof.Code §§ 17200 & 17500.

AFFIRM.

RYMER, Circuit Judge, dissenting:

I would reverse because I cannot say that leave to amend would be futile. The promotional materials do not define "double or special issue." The contract, fraud, and misleading advertising claims could be viable after further development of the record to show what the parties intended the terms to mean and how a reasonable consumer would have understood the terms. *See Richeson v. Helal*, 158 Cal. App.4th 268, 70 Cal.Rptr.3d 18, 25 (2007); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th 1351, 8 Cal.Rptr.3d 22, 30 (2003).

**In re Nikki POOSHS,**

**Nikki Pooshs, Petitioner,**

**v.**

**United States District Court for the Northern District of California, San Francisco, Respondent,**

**Phillip Morris USA, Inc.; Philip Morris Companies, Inc.; R.J. Reynolds Tobacco Holdings, Inc.; R.J. Reynolds Tobacco Company; Nabisco Group Holdings Corp.; Nabisco Inc.; Brown and Williamson Tobacco Corporation, individually and as successor by merger to The American Tobacco Company and its predecessors in interest; British American Tobacco Company PLC; Lorillard Tobacco Company; Lorillard Inc.; Liggett Group Incorporated; Liggett & Myers Inc.; Liggett and Myers Tobacco Company; Vector Group Ltd.; Hill & Knowlton Inc; Tobacco Institute, Inc.; Council for Tobacco Research USA Incorporated; DNA Plant Technology, Corporation; Safeway Inc., Real Parties in Interest.**

No. 08–73153.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 2008.

Filed July 14, 2011.

Lloyd F. Leroy, James P. Nevin, Esquire, Brayton Purcell, LLP, Novato, CA, for Petitioner.

Peter N. Larson, Jones Day, James Lee Dumas, Esquire, Randall D. Haimovici,

Esquire, Shook Hardy & Bacon, LLP, Gayle L. Gough, Sedgwick, Detert, Moran & Arnold LLP, Stanley G. Roman, Esquire, Krieg Keller Sloan Reilley & Roman, LLP, Raymond Charles Marshall, Esquire, Bingham McCutchen, LLP, San Francisco, CA, Ashlie E. Case, Esquire, Jones Day, Cleveland, OH, J. Leah Castella, Esquire, McDonough Holland & Allen P.C., Oakland, CA, for Real Parties in Interest.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and HART, District Judge.*

## MEMORANDUM **

The Petition for Writ of Mandamus is DENIED.

### In re Murray WINDMAN and Pauline Windman, Debtors.

---

* The Honorable William T. Hart, Senior District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

**Arthur G. Lawrence, Appellant,**

**v.**

**United States Trustee, Appellee.**

**No. 09–60055.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2011.

Filed July 14, 2011.

Lorraine Gladys Howell, Law Offices of Lorraine Howell, Newport Beach, CA, for Appellant.

Arthur G. Lawrence, Rosemead, CA, pro se.

Russell Clementson, Kenneth G. Lau, Esquire, Trial, Office of the United States Trustee, Los Angeles, CA, Catherine Bentley Sevcenko, Esquire, Executive Office for U.S. Trustees, Office of the General Counsel, Washington, DC, for Appellee.

Before: KOZINSKI, Chief Judge, IKUTA, Circuit Judge, and PIERSOL, District Judge.*

## MEMORANDUM **

The bankruptcy court had jurisdiction to order disgorgement of Lawrence's fees for both bankruptcy filings. *See Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir.1989). The court didn't abuse its discretion by reducing those fees, as there

---

* The Honorable Lawrence L. Piersol, Senior District Judge for the District of South Dakota, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.